**PACKAGE EXPRESS CENTER, INC., Plaintiff/Appellant,**

v.

**SNIDER FOODS, INC., Defendant/Appellee.**

Court of Appeals of Tennessee, Eastern Section.

July 28, 1989.

Application for Permission to Appeal Denied by Supreme Court Nov. 6, 1989.

Kenneth Clark Hood, Rogers, Laughlin, Nunnally & Hood, Greeneville, for plaintiff/appellant.

Ronald W. Woods, Milligan & Coleman, Greeneville, for defendant/appellee.

## OPINION

ANDERSON, Judge.

Tennessee corporation sued Missouri corporation in Greene County, Tennessee. Chancellor dismissed suit based upon the doctrine of forum non conveniens. We affirm.

Plaintiff, Package Express Center, Inc. ("Package Express"), is a Tennessee corporation with its principal place of business in Greeneville, Tennessee. Package Express leases equipment and supplies and provides systems necessary to establish express mail and packaging centers. Snider Foods, Inc. ("Snider's"), a Missouri corporation with its principal office in Poplar Bluff, Missouri, executed a lease agreement with Package Express for a packaging center on July 1, 1985, after Package Express representatives solicited Snider's business in Missouri. The agreement, as amended, designated Greene County, Tennessee, as the proper venue for any litigation and granted Tennessee in personam jurisdiction over the parties.

After an alleged lease violation, Package Express filed suit in 1987 in Greene County, Tennessee, Chancery Court for breach of the lease agreement, and Snider's moved to dismiss for lack of personal jurisdiction. In January 1988, the Chancellor denied Snider's motion only because the parties had agreed to in personam jurisdiction in Tennessee. However, he invited counsel for both parties to submit briefs concerning the applicability of the doctrine of forum non conveniens. Snider's then renewed its argument that the court had no jurisdiction because the Tennessee forum agreement was unreasonable and unjust. The Chancellor declined to decide these issues on affidavit proof and reaffirmed his earlier denial. In July 1988, Snider's filed a motion to dismiss based on the doctrine of forum non conveniens supported by affidavits. In August 1988, the Chancellor ruled the doctrine of forum non conveniens applied; however, he did not dismiss the suit pending final resolution of a suit in Missouri. When Package Express first appealed, this court dismissed the appeal for lack of a final judgment in the trial court. After the entry of a final judgment in the trial court, Package Express now appeals.

■ Package Express argues that the Chancellor erred in failing to first determine the enforceability of the venue selection clause in the lease before addressing the doctrine of forum non conveniens. The language of the lease agreement read as follows:

(5) Venue in any litigation between the parties shall be in Greene County, TN, and the parties hereto agree to submit to both the subject matter and in personam jurisdiction of the State of Tennessee.

(June 12, 1986 Addendum). Package Express contends the doctrine of forum non conveniens can only be applied where there exists at least one other forum in which the plaintiff may bring its cause of action, and

cites *Zurick v. Inman*, 221 Tenn. (25 McCanless) 393, 426 S.W.2d 767 (1968). The *Zurick* court commented:

> The doctrine [forum non conveniens] also presupposes there is at least one forum other than the forum chosen where the plaintiff may bring his cause of action, and it is necessary the trial court determine such other forum is available.

221 Tenn. at 402, 426 S.W.2d at 771–72 (citations omitted). Package Express argues that since the forum selection clause in the contract could be asserted defensively in the courts of the State of Missouri and result in a dismissal there, this Court should not address or apply the doctrine of forum non conveniens until it first determines the enforceability of the venue selection clause. However, we see no reason why a Missouri court would decline jurisdiction based on the Tennessee forum selection clause where Tennessee has already rejected jurisdiction.

"The two most common situations in which another forum is not available to the plaintiff are where the cause of action would be barred by the applicable statute of limitations in the other forum and where the defendant is not amenable to service of process in the other forum." Ryan & Berger, *Forum Non Conveniens in California*, 1 Pac.L.J. 532, 536–37 (1970) (footnotes omitted). Neither of those situations is present in the instant case, since the statute of limitations has not run in Missouri, according to the affidavit proof, and the defendant, a Missouri corporation, is amenable to service of process in Missouri.

The Supreme Court in *Zurick v. Inman* made clear that "courts of general jurisdiction in Tennessee have inherent power to apply the doctrine of forum non conveniens as a ground for refusal to exercise jurisdiction over a cause of action arising beyond the boundaries of Tennessee." 221 Tenn. at 402, 426 S.W.2d at 771. The *Zurick* court analyzed the factors to be considered in determining the applicability of the doctrine. It said one factor to be considered is the private interest of the litigant and adopted the language of Justice Jackson in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501,

508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947), that "[i]mportant considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of the case easy, expeditious and inexpensive." *Zurick*, 221 Tenn. at 403, 426 S.W.2d at 772. With respect to the subject of out-of-state witnesses, it said:

> [T]he fact there are out-of-state witnesses is not of itself enough to support an application of the doctrine. This factor has to be supported by facts showing why, due to out-of-state witnesses, there is a strong likelihood defendant will be done an injustice if forced to go to trial in the forum selected by plaintiff. This can be done by giving the names of the witnesses, nature and materiality of their testimony, and any other applicable facts. It is upon these facts the trial court exercises its discretion in the application of the doctrine.

*Zurick*, 221 Tenn. at 410, 426 S.W.2d at 775.

■ The Chancellor found in his memorandum opinion that:

> Tennessee's only connections with this litigation are (1) the physical presence of plaintiff's principal place of business, (2) the contract, by its terms, is to be interpreted by the laws of this state, and (3) the contract itself confers jurisdiction on this State. On the other hand, the vast majority, if not all, of the witnesses reside in Missouri. The contract was to be performed in Missouri and any breach of the contract occurred in Missouri. Similarly, any fraudulent misrepresentation by plaintiff occurred in Missouri.

The Chancellor concluded:

> Most of the evidence would have to be taken by deposition since all of the nonparty witnesses would be beyond the subpoena power of this Court. Needless to say, deposition evidence is quite inferi-

or to testimony presented from the witness stand since the Court is deprived of the ability to observe the witness. It is anticipated that practically all of the witnesses would be those from Missouri. Since it was plaintiff that solicited this contract in Missouri, it is difficult to see how it could be terribly inconvenient for plaintiff to litigate this suit in Missouri. On the other hand, it would be extremely inconvenient and burdensome for defendant to be compelled to litigate here in Tennessee.

Our review of the proof shows Snider's filed affidavits of three employee witnesses in Poplar Bluff, Missouri, who, because of their own health, the health of their immediate family, and other personal problems, testified they were unable to come to Tennessee for trial.

Louie M. Snider, Jr., the former owner of Snider's, testified by affidavit that Snider's records of the transaction are located in Poplar Bluff, Missouri, and unfriendly witnesses located in Missouri whose testimony would be relevant to a defense against Package Express could not be subpoenaed to a trial in Tennessee. His affidavit was not specific as to the proof to be offered by the unfriendly witnesses or its relevance. Snider's affidavit also recited the distance and expense of the trip to Greeneville, Tennessee.

On the other hand, Bill W. Cutshaw, president of Package Express, testified by affidavit that Package Express would present three witnesses who reside in Greene County, Tennessee. He also testified the corporation was small, it would be a financial burden to send witnesses to Missouri for trial, and the venue selection clause was in the contract for the purpose of avoiding this expense.

Package Express argues the forum selection clause in the lease is fair, reasonable, should be enforced, and the doctrine of forum non conveniens should not be used to avoid the parties' agreement. *Dyersburg Machine Works, Inc. v. Rentenbach Eng'g Co.*, 650 S.W.2d 378 (Tenn.1983),

held that a forum selection clause specifying that Kentucky would be the appropriate forum was not enforceable because it was not fair and reasonable, and the validity of forum selection clauses depends on "whether they are fair and reasonable in light of all the surrounding circumstances attending their origin and application." *Id.* at 380 (citations omitted). One of the factors to be analyzed in determining whether or not forum selection clauses are fair and reasonable is whether the forum is a "substantially less convenient place for trial." Gilbert, *Choice of Forum Clauses in International and Interstate Contracts*, 165 Ky.L.J. 1, 32 (1976). In determining whether or not the doctrine of forum non conveniens applies, the Chancellor also examines the issue of convenience.

The Chancellor declined to consider the question of the enforceability of the venue selection clause because he felt he could not determine the issue on affidavits alone. Although the Chancellor did not so state, if an evidential hearing on the applicability of the doctrine had been held, it would defeat the purpose of the doctrine of forum non conveniens since the factors of expense and unavailability of witnesses would come into play in considering whether to apply the doctrine.

The scope of review of the application of the doctrine is whether or not the court has abused its discretion. *Zurick v. Inman*, 221 Tenn. 393, 404, 426 S.W.2d 767, 772 (1968).

Judicial discretion when used as a guide for judicial action "means a sound discretion ... a discretion exercised not arbitrarily or willfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result." *Langnes v. Green*, 282 U.S. 531, 541, 51 S.Ct. 243, 247, 75 L.Ed. 520 (1931).

Consideration of the factors involved in the doctrine of forum non conveniens furnishes the criteria by which the trial court may exercise its discretion. *Gulf Oil*

*Corp. v. Gilbert,* 330 U.S. 501, 507–08, 67 S.Ct. 839, 842–43, 91 L.Ed. 1055 (1947).

After an examination of the affidavit proof and an analysis of the factors set out in *Zurick v. Inman,* we cannot say that the court abused its discretion in the dismissal of this case.

The judgment of the Chancellor is affirmed, and the costs of the cause are assessed against the Appellant.

GODDARD and FRANKS, JJ., concur.