# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON    MAY 1999 SESSION

FILED

June 15, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| MARGARET PARKER, | ) | SHELBY CIRCUIT |
| | ) | (No. 95499 T.D.) |
| Plaintiff/Appellant | ) | |
| | ) | |
| v. | ) | APPEAL NO. 02A01-9812-CV-00373 |
| | ) | |
| THE KROGER COMPANY, | ) | |
| d/b/a KROGER COMPANY | ) | |
| FOOD STORES, | ) | |
| | ) | |
| Defendant/Appellee | ) | |

APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
AT MEMPHIS
THE HONORABLE JAMES F. RUSSELL, JUDGE

**For the Appellant:**

Marshall L. Gerber
Suite 2700
5100 Poplar Avenue
Memphis, TN 38137

**For the Appellee:**

Kenneth R. Rudstrom
Minton P. Mayer
80 Monroe Avenue, Suite 500
Memphis, TN 38103

**REVERSED and
REMANDED**

**WILLIAM H. INMAN, Senior Judge**

**CONCUR:**

**DAVID R. FARMER, JUDGE**

**ALAN E. HIGHERS, JUDGE**

# O P I N I O N

The suit of the plaintiff was dismissed on the ground of forum non conveniens. She appeals, and presents for review the propriety of the dismissal of her case. The standard of review is whether there was an abuse of discretion. *Package Express Center v. Snider Foods,* 788 S.W.2d 561 (Tenn. App. 1983).

The plaintiff is a resident of Shelby County, Tennessee. On October 3, 1997, she was a customer in Kroger's store in Flower Mound, Texas, accompanied by her daughter. She alleged that she slipped and fell in the store, suffering a knee injury, which she attributed to the negligence of the defendant. Her complaint was filed on June 26, 1998, in the Circuit Court of Shelby County. The defendant responded by filing a motion to dismiss on the ground of forum non conveniens, alleging, *inter alia,* that since the witnesses resided in Texas, the taxpayers of Shelby County and the State of Tennessee would benefit if the complaint was dismissed.

The defendant filed no affidavits in support of its motion, and we have no transcript of the proceeding.

The plaintiff filed an affidavit with her appellate brief, alleging that it was attached to a memorandum brief tendered to the trial court. Be that as it may, the affidavit is not included in the technical record and its inclusion in the brief confers no probative value upon it. But this point is not crucial, since the burden of proof was reposed on the defendant to support its motion.

The trial judge found that a trial of this case would impose a hardship on Kroger's witnesses, that testimony by deposition is inferior to live testimony and that it would be difficult for Kroger to compel witnesses in Texas to travel to

2

Tennessee. The court also observed that this was a tort action which should be tried where it occurred, and that Texas law would control.

We infer that these findings were based on the complaint, arguments of counsel, and otherwise inferred from the allegations of the motion to dismiss.

Forum non conveniens is concerned with the discretionary power of the court to decline to exercise a possessed jurisdiction whenever, because of varying factors, it appears that the controversy may be more suitably or conveniently tried elsewhere. *Zurick v. Inman,* 426 S.W.2d 767 (Tenn. 1968). The scope of review of the application of the doctrine is whether or not the court has abused its discretion, *Package Express,* 788 S.W.2d at 564, citing *Zurick, supra.* An evidential hearing on the applicability of the doctrine is not required because to do so would defeat the purpose of the doctrine. *Id.*

If the doctrine is to be applied, there must be a showing, beyond mere pleading assertions, of the factors involved: the relative ease of access to sources of proof; availability of compulsory process for witnesses; the expenses for obtaining the attendance of witnesses; the possibility of view of the premises, if view would be appropriate; the likelihood that depositional testimony, as contrasted to live testimony, will be presented; whether the forum is a "substantially less convenient place for trial"; and perhaps other reasons which directly affect the foundational issue of convenience. The fact that the law of Texas may control is not a factor. *Zurick, supra; Package Express, supra; Shoney's Inc. v. Chic Can Enterprises,* 922 S.W.2d 530 (Tenn. App. 1995).

As we have observed, the defendant presented no affidavits in support of its motion, and thus failed to "sustain its burden of showing that the balance as to the convenience of the witnesses was so strongly in favor of the defendant as to

3

overcome the weight to be given to the plaintiff's choice of forum." *See, Zurick, supra;* Rule 43.02, Tenn. R. Civ. P. There is "no affidavit proof," *Package Express, supra,* to analyze, and therefore none to support the findings. The judgment is reversed and the case is remanded for further, appropriate proceedings. Costs are assessed to the appellee.

_____
William H. Inman, Senior Judge

CONCUR:

_____
David R. Farmer, Judge

_____
Alan E. Highers, Judge

4