IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
December 14, 2005 Session

## MIRANDA LUNA, ET AL. v. WILLIAM H. SHERWOOD, M.D., ET AL.

**Appeal from the Circuit Court for Davidson County**
**No. 04C-2967      Hamilton V. Gayden, Jr., Judge**

---

**No. M2005-00366-COA-R9-CV - Filed on May 24, 2006**

---

The issue on appeal is whether the doctrine of *forum non conveniens* applies in a transitory, intrastate tort action. This is a medical malpractice action in which all of the alleged negligent acts and omissions occurred in Dekalb County. Plaintiffs, White County residents, filed suit in Davidson County, where two of the four defendants have their principal offices. The two Dekalb County defendants filed a Motion to Dismiss based upon improper venue, or in the alternative, *forum non conveniens*. The trial court found *forum non conveniens* inapplicable to this intrastate forum dispute and venue proper. We affirm.

**Tenn. R. App. P. 9 Appeal as of Right; Judgment of the Circuit Court Affirmed**

FRANK G. CLEMENT, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN, J., joined. PATRICIA J. COTTRELL, J., not participating.

Dixie W. Cooper and Amy D. Hampton, Nashville, Tennessee, for the appellants, William H. Sherwood, M.D., and Cripps, Hooper & Rhody, PLLC.

Donald Capparella, Anna B. Williams and Charles J. Williams, Nashville, Tennessee; and Henry E. Dugan, Jr., and Bruce J. Babij, Timonium, Maryland, for the appellees, Miranda Luna and Darlene and Bobby Luna.

### OPINION

Bobby Luna, Father, Darlene Luna, Mother, and Miranda Luna, minor child, are residents of White County, Tennessee. In 1997, Mother was pregnant with Miranda Luna and received pre-natal care from Dr. Sherwood, an obstetrics and gynecology physician with Cripps, Hooper & Rhody, PLLC, in DeKalb County, Tennessee.

On the morning of December 17, 1997, Miranda Luna was delivered at the DeKalb Hospital in DeKalb County, Tennessee. During birth she suffered from hypoxic brain injury leaving her disabled and severely brain damaged. She was eventually transferred to Vanderbilt University Medical Center for continuing care and treatment.

Miranda Luna, by and through her parents, filed this medical malpractice action in Davidson County against William H. Sherwood, M.D., Cripps, Hooper & Rhody, PLLC, Baptist Hospital, Inc., d/b/a Baptist DeKalb Hospital, and St. Thomas Health Services, d/b/a, DeKalb Hospital. Plaintiffs filed in Davidson County based upon the fact that, even though William H. Sherwood, M.D., and Cripps, Hooper & Rhody, PLLC, have their principal place of business in DeKalb County, the other defendants, Baptist Hospital System, Inc., and St. Thomas Health Services, have their principal place of business in Davidson County, Tennessee.

Dr. Sherwood and Cripps, Hooper & Rhody, PLLC, (the "DeKalb County defendants") filed a Motion to Dismiss the claim based upon improper venue or, in the alternative, *forum non conveniens*. They argued that at all times all parties were doing business in DeKalb County. They also contended all of the alleged negligent acts and omissions occurred in DeKalb County, thus, DeKalb County is the proper venue. Plaintiffs argued that Davidson County was the proper venue because two defendants have their principal place of business in Davidson County and no defendant has a common county of residence with Plaintiffs. The trial court found Davidson County was a proper venue, that *forum non conveniens* did not apply to intrastate disputes, and denied the DeKalb County defendants' motion.

Defendants obtained permission to bring this interlocutory appeal for a determination of whether the doctrine of *forum non conveniens* applies to intrastate disputes. We find it does not.

## ANALYSIS

*Forum non conveniens* deals with the discretionary power of the court to decline to exercise a possessed jurisdiction whenever, because of varying factors, it appears the controversy may be more suitably or conveniently tried elsewhere.[1] *Zurick v. Inman,* 426 S.W.2d 767, 769 (Tenn. 1968) (citing *Cotton v. Louisville & Nashville R.R. Co.*, 152 N.E.2d 385, 388 (1958)). Although the origin of the doctrine is somewhat obscure, the application of the doctrine is not foreign to our courts.[2]

---

[1] "The doctrine of *forum non conveniens* presupposes the court has jurisdiction of both the parties and the subject-matter. The doctrine also presupposes there is at least one forum other than the forum chosen where the plaintiff may bring his cause of action, and it is necessary the trial court determine such other forum is available." *Zurick v. Inman*, 426 S.W.2d 767, 772.(Tenn. 1968) (citations omitted).

[2] As Justice Dyer stated in *Zurick*:

[I]t appears to have originated in Scotland where a court having jurisdiction could refuse to hear the case when the ends of justice would be best served by having it tried in another forum. (citations omitted). Prior to 1929 this doctrine at least by its latin appellation rarely appeared in American reports. In that year (1929) Blair published an article on the doctrine in 29 Col.Rev. 1, wherein he said many American courts had for some time been applying the doctrine without referring to it by its latin appellation. It is now generally agreed this article by Blair brought the term forum non conveniens into American law. (citations omitted)

*Zurick*, 426 S.W.2d at 769.

The Supreme Court of Tennessee held courts of general jurisdiction in Tennessee have inherent power to apply the doctrine of *forum non conveniens* as a ground for refusal to exercise jurisdiction over a cause of action arising beyond the boundaries of Tennessee. *Zurick,* 426 S.W.2d at 771. It is significant, however, that the Court employed the doctrine of *forum non conveniens* in an interstate dispute, not an intrastate dispute as we have here.

*Zurick* involved a transitory action. The plaintiff was a Georgia resident, and the defendant was a resident of Alabama. The accident occurred in Georgia; however, the nearest acute medical care available was in Chattanooga, Hamilton County, Tennessee. Accordingly, the plaintiff was immediately transported by ambulance to a hospital in Chattanooga, Hamilton County, Tennessee for treatment. Subsequently, the plaintiff filed suit in Hamilton County, Tennessee.

Defendant filed a motion to dismiss on the basis of *forum non conveniens*. In its analysis of the issue, the Supreme Court considered factors it described as "so numerous and various that no court has attempted to catalogue them." *Id* at 772. The factors generally relate to the parties, witnesses, subject-matter, and/or the court. These factors are loosely identified by Justice Jackson in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) as follows:

> Wisely, it has not been attempted to catalogue the circumstances which will justify or require either grant or denial of remedy. The doctrine leaves much to the discretion of the court to which plaintiff resorts, and experience has not shown a judicial tendency to renounce one's own jurisdiction so strong as to result in many abuses.
>
> If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and the one likely to be most pressed, is the private interest of the litigant. Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility [sic] of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.
>
> Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation.

In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Gilbert*, 330 U.S. at 508.

The foregoing factors are generally known as the *Gilbert* factors. As our Supreme Court in *Zurick* explained, the *forum non conveniens* analysis entails various private and public factors that must be considered when determining whether to dismiss a case upon *forum non conveniens* grounds. *See In re Bridgestone/Firestone and Ford Motor Co. Tire Litigation*, 138 S.W.3d 202, 207 (Tenn. Ct. App. 2003). "If the court finds that the private interests of the litigants favor litigation in another forum, then dismissal is appropriate." *Bridgestone/Firestone*, 138 S.W.3d at 207 (citing *Gilbert*, 330 U.S. at 508; *Zurick*, 426 S.W.2d at 772). "If the private factors counsel against dismissal, then the court considers various factors involving public interests. If these factors weigh in favor of the moving party, then the court may dismiss the case." *Bridgestone/Firestone*, 138 S.W.3d at 207 (citing *Gilbert*, 330 U.S. at 508; *Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 380 (5th Cir. 2002); *Zurick*, 426 S.W.2d at 772).

In *Zurick*, the factors presented by the defendant requesting the doctrine be applied were: (1) the cause of action arose outside the State of Tennessee; (2) both parties were non-residents of Tennessee; (3) the laws of the State of Georgia governed; and (4) the witnesses lived in Georgia. The factor presented by the plaintiff in *Zurick*, who requested the application of the doctrine be denied, was the medical witnesses resided in Hamilton County, Tennessee.[3]

The factors alleged by the DeKalb County defendants are not as compelling as those alleged by the defendant in *Zurick*. The factors include the fact DeKalb County is the residence of two defendants who are material to this action, it is where the cause of action arose, where the witnesses are located, and where the citizens have a local interest in the outcome of the litigation. As an additional factor, they contend Davidson County is a substantially less convenient forum for the trial of this matter.

The only *Gilbert* factor applicable to our case, which will likely be the only factor in most intrastate applications of the doctrine, is the inconvenient location of the forum to the parties and witnesses. This factor, however, is not of itself enough to support an application of the doctrine. As the *Zurick* court explained, the strong likelihood of an injustice also must be present, which "has

---

[3]The Court found the defendant "failed to present any facts in regard to any of these factors which could support a finding the ends of justice in a broad sense require the case be tried in another forum. Stated in another manner, the trial judge had no facts before him upon which he could exercise his discretion." *Zurick*, 426 S.W.2d at 775.

to be supported by facts showing why, due to out-of-state witnesses, *there is a strong likelihood defendant will be done an injustice* if forced to go to trial in the forum selected by plaintiff."[4] *Zurick,* 426 S.W.2d at 775. (emphasis added)  Although the DeKalb County defendants have presented evidence that some witnesses and parties may be inconvenienced by holding the trial in Davidson County, they failed to establish the likelihood an injustice will occur if the trial is held in Davidson County.

*Zurick* was an interstate, not an intrastate dispute, and the Court's analysis was limited to the interstate application of the doctrine. *See Zurick,* 426 S.W.2d at 771 (stating "courts of general jurisdiction in Tennessee have inherent power to apply the doctrine of *forum non conveniens* as a ground for refusal to exercise jurisdiction over a *cause of action arising beyond the boundaries of Tennessee*")(emphasis added).  We find it significant the doctrine of *forum non conveniens* has yet to be applied by our courts in an intrastate action.[5]  Finding *Zurick* limited to an interstate application of the doctrine, we decline the invitation to expand the doctrine of *forum non conveniens* to this intrastate dispute.

The judgment of the trial court is affirmed, and this matter is remanded with costs of appeal assessed against appellants, William H. Sherwood, M.D. and Cripps, Hooper & Rhody, PLLC.

$$\overline{\qquad\qquad\qquad\qquad\qquad\qquad}$$

FRANK G. CLEMENT, JR., JUDGE

---

[4]As the court explained, this can be done by "giving the names of the witnesses, nature and materiality of their testimony, and any other applicable facts. It is upon these facts the trial court exercises its discretion in the application of the doctrine."

[5]We also find it significant the intrastate application has only been adopted in two states without legislative action. The states that applied the doctrine to intrastate controversies by judicial fiat are Illinois and Oklahoma. *Torres v. Walsh*, 456 N.E.2d 601, 607 (Ill. 1983); *Gulf Oil v. Woodson,* 505 P.2d 484, 489 (Okla. 1972); *see* 92A C.J.S. *Venue* § 195 (2005); *see also Beaven v. McAnulty*, 980 S.W.2d 284, 286 (Ky. 1998). Moreover, one of our sister states that applies the doctrine to interstate matters has expressly refused to apply the doctrine to intrastate disputes. *See Running v. Southwestern Freight Lines, Inc.* 303 S.W.2d 578, 580 (Ark. 1957); *Hicks v. Wolfe,* 307 S.W.2d 784, 789 (Ark. 1957) (holding the doctrine of *forum non conveniens* not applicable between counties of the same state).