IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
FEBRUARY 20, 2008 Session

## O'RANE M. CORNISH, SR. v. HARRAH'S ENTERTAINMENT, INC.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-005333-06     John R. McCarroll, Jr., Judge**

_____

**No. W2007-00782-COA-R3-CV - Filed May 6, 2008**

_____

This appeal involves the lower court's dismissal of a case on the basis of *forum non conveniens*. The plaintiff, a resident of Shelby County, brought suit in circuit court in Shelby County. The plaintiff alleged that he drank a glass of cranberry juice that contained a dead fly at one of the defendant's restaurants, located in Tunica County, Mississippi. From that incident, the plaintiff alleges that he suffered emotional and physical harm. The defendant's answer requested that the court dismiss on the basis of *forum non conveniens*, contending that the more appropriate forum was a circuit court in Tunica County, Mississippi. After a hearing, the trial court dismissed the claim on the basis of *forum non conveniens*. After the plaintiff filed a motion to reconsider, the trial court entered an order denying the motion and setting out its findings concerning its decision to decline jurisdiction. The plaintiff appeals, and we reverse and remand the case for further proceedings.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

O'Rane M. Cornish, Sr., Memphis,TN, *pro se*

Robert L. Moore, Memphis, TN, for Appellee

# OPINION

## MEMORANDUM OPINION[1]

### I. FACTS & PROCEDURAL HISTORY

On October 11, 2006, O'Rane M. Cornish, Sr. ("Appellant") filed suit against Harrah's Entertainment, Inc. ("Appellee" or "Harrah's") in the circuit court in Shelby County. Mr. Cornish, a Shelby County resident, alleged that on August 21, 2006, he went to eat breakfast at the Village Square Buffet Restaurant located in the Horseshoe Hotel & Casino Tunica, wholly owned and operated by Harrah's. This restaurant and casino is located in Tunica County, Mississippi. Mr. Cornish alleged that he ordered cranberry juice and after drinking the final sip, he noticed a dead "'housefly' in the midst of what appeared as slightly curved or white, elongated puffs of cottony strands or grains." Mr. Cornish's *pro se* complaint set forth a claim of negligence and negligent infliction of emotional distress, and sought damages for "physical and mental injuries" suffered in the amount of $900,000. As to his physical injuries, the complaint alleged that "[w]ithin the immediate three week period after the incident, he suffered a 36-hour period of vomiting and constantly sick stomach[.] . . . Though evaluations since have been negative to date, due to the nature of some of these disease[s] possibly exposed to [due to consuming the drink containing the housefly], he will be periodically evaluated and tested for the next six to twelve months."

Harrah's denied each count of Mr. Cornish's complaint, and also raised the affirmative defense of comparative fault and contended that "the Circuit Court of Shelby County, Tennessee is an improper venue for the trial of this case which should be dismissed or transferred to the Circuit Court for Tunica County, Mississippi." Thereafter, Harrah's filed its first set of interrogatories on October 20, 2006.

Mr. Cornish then filed a motion titled "Motion to Strike Defendant's Answer as being a Sham and offered in Bad Faith; and for Suspension of Time for Interrogatories Pending Responsive Answer; and Motion to Take Notice of Special Circumstances." Mr. Cornish requested that the court impose sanctions because Harrah's answer denied all counts of his complaint.

On December 11, 2006, Harrah's filed a motion to compel answers to its interrogatories pursuant to Rule 37 of the Tennessee Rules of Civil Procedure. Harrah's also filed a "memorandum in support of motion to dismiss based upon forum non conveniens," in which Harrah's requested that

---

[1] Tenn. Ct. App. R. 10 states:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

the trial court decline to exercise jurisdiction over the case, dismiss the case, and transfer for refiling in the circuit court of Tunica County, Mississippi. The memorandum read, in relevant part:

> All of the events described within the complaint occurred in Tunica County, Mississippi. All of the investigations into the facts of the case occurred in Tunica County, Mississippi. All of the witnesses to the events live and or work in Tunica County, Mississippi. All of the physical evidence is in Tunica County, Mississippi. The only apparent relationship between the allegations contained in the complaint and Memphis, Shelby County, Tennessee is the fact that the plaintiff allegedly lives here.

Mr. Cornish filed an answer to Harrah's memorandum, and all motions were taken up by the trial court on January 5, 2007. We do not have a transcript of this hearing in the record before us.

On January 12, 2007, the trial court entered its order dismissing Mr. Cornish's complaint based upon *forum non conveniens*. The order reads: "This matter came on to be heard upon Defendant's Motion to Dismiss Based Upon *Forum Non Conveniens*, and it appearing to the Court after review of all pleadings in this matter and hearing argument of counsel and argument of plaintiff, *pro se*, that the Defendant's Motion to Dismiss is well taken and this matter shall be dismissed based upon *Forum Non Conveniens*."

On February 9, 2007, Mr. Cornish filed a motion to reconsider, alleging that his "circumstances have changed." Mr. Cornish contended that on January 27, 2007, he tested positive for tuberculosis. Mr. Cornish also contended that the trial court erred in relying upon an "improper factor and faulty information offered by Harrah's (that special arrangements exists [sic] in Tunica County to adjudicate such as the case at bar)." Mr. Cornish also requested that the court "memorialize the basis for its Dismissal decision."

The court entered its order denying Mr. Cornish's motion to reconsider on March 5, 2007. The court stated its reasons for declining jurisdiction as follows:

1. The Complaint arises in the context of premises liability, and in this instance, the premises is within the State of Mississippi;
2. The event complained of in the Complaint occurred within the State of Mississippi, and will be resolved in accordance with the substantive law of the State of Mississippi;
3. Some, or all, of the witnesses to the event are in the State of Mississippi and beyond the subpoena power of the court;
4. The cost of compelling the attendance of witnesses is a cost more appropriately borne by the State of Mississippi;

5. The litigation and juror expenses inherent in the trial of such a case are more appropriately borne by the State of Mississippi; and

6. The Circuit Court of Tunica County, Mississippi, is available as a forum to resolve this dispute that arose in Tunica County, Mississippi.

. . .

Mr. Cornish then filed a statement of the evidence, to which Harrah's filed an objection, "due to [Mr. Cornish's] inclusion of evidence not considered by the trial court at the hearing[.]" Harrah's filed its own proposed statement of the evidence, and the trial court, on August 6, 2007, filed an order "on objection to statement of evidence." The court found that Harrah's "objection is well taken inasmuch as there was no evidence presented by way of testimony, depositions, affidavits, interrogatories or otherwise. The court exercised its judgment and discretion based upon the technical record alone." Mr. Cornish timely filed his notice of appeal to this Court.

## II. ISSUE PRESENTED

Appellant contends that the trial court abused its discretion in declining to exercise jurisdiction over this case.

## III. STANDARD OF REVIEW

Our trial courts have the discretion to decline jurisdiction over a particular controversy arising outside the state of Tennessee. ***Zurick v. Inman***, 221 Tenn. 393, 401, 426 S.W.2d 767, 771 (Tenn. 1968); ***In re Bridgestone/Firestone***, 138 S.W.3d 202, 205 (Tenn. Ct. App. 2003). Such doctrine, known as *forum non conveniens,* allows trial courts to refuse to exercise jurisdiction if "it appears the controversy may be more suitably or conveniently tried elsewhere." ***Luna v. Sherwood***, 208 S.W.3d 403, 405 (Tenn. Ct. App. 2006) (citations omitted). This, of course, presupposes the court has both personal and subject-matter jurisdiction. ***Zurick v. Inman***, 426 S.W.2d at 771-72.

When reviewing a trial court's decision to decline jurisdiction in a particular case, we look at whether the trial court abused its discretion. ***In re Bridgestone/Firestone***, 138 S.W.3d at 205 (citing *Zurick v. Inman*, 221 Tenn. 393, 426 S.W.2d 767, 772 (Tenn. 1968)). The trial court abuses its discretion when it fails to review and balance the private and public factors necessary for a determination of whether to apply the doctrine. ***Id.*** (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507-08, 67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Royal Bed & Spring Co. v. Famossul Industria e Comercio de Moveis Ltda.*, 906 F.2d 45, 47-48 (1st Cir. 1990); *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1334 (9th Cir. 1984); *La Seguridad v. Transytur Line*, 707 F.2d 1304, 1308 (11th Cir. 1983); *Package Express Ctr., Inc. v. Snider Foods, Inc.*, 788 S.W.2d 561, 564-65 (Tenn. Ct. App. 1989); *Smith v. Priority Transp., Inc.*, No. 02A01-9203-CV-00074, 1993 WL 29021 at *4 (Tenn. Ct. App.

-4-

Feb. 9, 1993)).  Thus, we must review the various factors used in a particular case in order to determine if an abuse of discretion occurred.  ***Zurick***, 426 S.W.2d at 772.

## IV.  DISCUSSION

As set out in our Supreme Court's opinion of ***Zurick v. Inman***, 221 Tenn. 393, 404, 426 S.W.2d 767, 772 (Tenn. 1968), and further explained by this Court in the opinion of *In re Bridgestone/Firestone*, 138 S.W.3d 202, 205 (Tenn. Ct. App. 2003), we apply a two-part analysis when determining whether the doctrine of *forum non conveniens* is appropriate.  First, at least one other forum must be available where the plaintiff may bring the cause of action.  ***Id.***  (citing *Zurick v. Inman*, 221 Tenn. 393, 404, 426 S.W.2d 767, 771-72 (Tenn. 1968)).  The typical focus here is "whether the cause of action would be barred by the applicable statute of limitations in the other forum or whether the defendant would be amenable to service therein."  ***Id.*** at 206 (citing *Package Express Ctr., Inc. v. Snider Foods, Inc.*, 788 S.W.2d 561, 563 (Tenn. Ct. App. 1989)).

Second, once determined that an alternate forum exists, public and private factors must then be addressed.  "These factors are so numerous and various that no court has attempted to catalogue them. They generally relate to the parties, witnesses, subject-matter, or the court."  ***Zurick***, 426 S.W.2d at 772.  If the court determines that the private interests of the litigants would be better served in another forum, then dismissal is appropriate.  ***In re Bridgestone/Firestone***, 138 S.W.3d at 207 (citation omitted).  Such private interests include:

> [T]he relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforcibility of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial.  It is often said that the plaintiff may not, by choice of an inconvenient forum, vex, harass, or oppress the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy.  But unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.

***Zurick***, 426 S.W.2d at 772 (quotation omitted).

If, however, the private factors weigh against dismissal, then the court must consider the various public interest factors, and if these weigh in favor of the moving party, then the court may properly decline to hear the case.  ***In re Bridgestone/Firestone***, 138 S.W.3d at 207 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508,  67 S.Ct. 839, 91 L.Ed. 1055 (1947); *Gonzalez v. Chrysler*

*Corp.*, 301 F.3d 377, 380 (5th Cir. 2002); *Zurick v. Inman*, 221 Tenn. 393, 403, 426 S.W.2d 767, 772 (Tenn. 1968)). Our Supreme Court has noted the following concerning such public factors:

> Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. There is a local interest in having localized controversies decided at home. There is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself.

*Zurick v. Inman*, 221 Tenn. 393, 404, 426 S.W.2d 767, 772 (Tenn. 1968) (quotation omitted).

Turning back to the present case, we begin by looking to the factors on which the trial court based its decision. First, the court found that the case arose in the "context of premises liability, and in this instance, the premises is within the State of Mississippi." We disagree with the trial court's characterization that this is a premises liability case. As to the fact that the alleged incident occurred in Mississippi, "[t]hat the cause of action arose outside the State is not a factor to be considered on the question of whether the doctrine should be applied in a particular case. It is necessary this fact exist and be shown in order to raise the question of the application of the doctrine." *Zurick*, 426 S.W.2d at 773 (citation omitted).

Next, the trial court noted that "the event complained of in the Complaint occurred within the State of Mississippi, and will be resolved in accordance with the substantive law of the State of Mississippi." As to the application of Mississippi law, "the application of laws of another state becomes a factor when it is shown the laws of the foreign state, applicable to the case, are so materially different from our own that their application would present difficulty to the court; or the laws of the foreign state, applicable to the case, are against the public policy of our State." *Id.* at 774. We find nothing in the record as to the differences between the applicable Mississippi law compared to Tennessee law, nor do we find any indication that the applicable Mississippi laws are somehow against the policy of this state.

Next, the court relied on the location of the witnesses, finding that "[s]ome, or all, of the witnesses to the event are in the State of Mississippi and beyond the subpoena power of the court." We point out two things here. First, Harrah's gave no information concerning the identity or location of the witnesses, other than its assertion in the pleadings that most of the witnesses work or reside in Mississippi. In *Zurick*, the Court noted that the only facts concerning the out-of-state witnesses in that case came solely from the defendant's pleadings, and concluded that "[t]his statement, no

other facts appearing, will not support an application to apply the doctrine." 221 Tenn. 393, 410, 426 S.W.2d 767, 775 (Tenn. 1968). Second, "the strong likelihood of an injustice also must be present, which 'has to be supported by facts showing why, due to out-of-state witnesses, there is a strong likelihood defendant will be done an injustice if forced to go to trial in the forum selected by plaintiff.'" **Luna v. Sherwood**, 208 S.W.3d 403, 407 (Tenn. Ct. App. 2006) (quoting *Zurick v. Inman*, 221 Tenn. 393, 410, 426 S.W.2d 767, 775 (Tenn. 1968)). We find nothing in the record indicating that Harrah's will suffer an injustice by defending suit in Shelby County.

Next, the trial court found that the costs of litigation, including the cost of compelling the attendance of witnesses and the litigation and juror expenses "inherent in the trial of such a case are more appropriately borne by the State of Mississippi." Again, we see nothing in the record as to any potential costs associated with compelling witnesses in this case.

Finally, the trial court relied on the fact that "the Circuit Court of Tunica County, Mississippi, is available as a forum to resolve this dispute that arose in Tunica County, Mississippi." We find only Harrah's assertion in its "memorandum on motion to dismiss" that the statute of limitations had not yet run in Mississippi concerning Mr. Cornish's claim. In any event, the availability of an alternate forum is not a factor, as explained above, but is the threshold question. Harrah's failed to present any facts "in regard to any of these factors which could support a finding the ends of justice in a broad sense require the case be tried in another forum." *Zurick*, 426 S.W.2d at 775.

## V.  CONCLUSION

We reverse the judgment of the lower court and remand the case for further proceedings. Costs of this appeal are taxed to Appellee, Harrah's Entertainment, Inc.

_____
ALAN E. HIGHERS, P.J., W.S.